**Thaddeus W. CZERNIK**

v.

**Daniel C. HEROUX et al.**

No. 96–612–Appeal.

Supreme Court of Rhode Island.

April 24, 1998.

Steven B. Merolla, Amedeo C. Merolla, Providence.

Robert G. Clark, III, Providence.

## ORDER

This case came before the Court on March 3, 1998, pursuant to an order directing both parties to appear and show cause why the appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we conclude that cause has not been shown. Accordingly we will decide the issues raised by the parties at this time.

This litigation resulted from a fall down a flight of stairs that plaintiff, Thaddeus W. Czernik (plaintiff), suffered while descending an outside stairway owned by defendants, Daniel C. and Lori S. Heroux (defendants), and located at 311 Elm Street in Woonsocket, Rhode Island. The plaintiff was employed as a sales representative for Heritage Cable Television in Woonsocket, and in the course of his employment solicited potential customers at their homes. On October 6, 1989, he was scheduled to meet with an individual at the Elm Street location. The plaintiff testified that he decided to use the exterior staircase in the rear of the building because the front door to the multi-family dwelling was locked. Upon finding that the customer was not at home, plaintiff proceeded back down the staircase.

According to plaintiff, he noticed that several steps were twisted and rotted and that the railing was positioned below his knees. About half way down the staircase his foot slipped, he banged his head on an overhang, and he "went flying through to an outside wall." The plaintiff attempted to break the fall with his right hand, which resulted in injuries to his hand, shoulders, head, and face. The plaintiff alleged that although he attempted to return to work after approximately one week, he experienced too much cramping and numbness in his forearm and hand and that this pain progressed to his lower back and into his hip. In January 1991, he ceased working and began collecting workers' compensation benefits until June of 1995 when he settled his claim with the insurance carrier. The plaintiff alleges, however, that he is still unable to work due to this injury and as a result he brought this action for personal injury against defendants.

After a jury trial in Providence Superior Court, the jury returned a verdict for defendants. This appeal ensued.

The plaintiff assigns as error the failure of the trial justice to instruct the jury that the Rhode Island Housing Maintenance and Occupancy Code (occupancy code), specifically G.L.1956 § 45–24.3–7(4) of the code, requires that the stairway must have a minimum height of six feet six inches. The plaintiff further asserts that the trial justice erred in failing to instruct the jury that failure to comply with this section constitutes prima facie evidence of negligence. The defendants maintain that the trial justice properly instructed the jury because the height requirements are inapplicable in the instant case. Furthermore, defendants argue that this issue was not properly preserved for appeal and thus is beyond our review. We disagree.

The record clearly discloses that at the conclusion of her charge to the jury, the trial justice conducted a conference at sidebar in which plaintiff's counsel informed the trial justice of that portion of the charge to which he objected and the reasons for his objection. We are satisfied that this conference complied with the requirements of Superior Court Rule of Civil Procedure 51(b), which provides that a party must state "distinctly the matter to which the party objects and the grounds of the party's objection." Accordingly we turn our attention to the specific points on appeal.

With respect to minimum height requirements, the trial justice charged the jury as follows:

"Every dwelling unit above the first floor should have approve[d] means of egress, meaning a minimum hazard headroom of six inches leading to open space at ground level.

"Relative to outside stairways and the Fire Safety Code,[1] a minimum headroom for egress is one of six feet one inch.

"Not withstanding [sic] those two provisions, all existing buildings which are determined to be in compliance with specific requirements of the code prior to any 1978

---

1. We agree with defendants that the Fire Safety Code has no applicability to the facts in this case.

amendment, shall be exempt from the amendments unless there is a change of occupancy of more than 50 percent of the total valuation of the buildings is to be changed within a one-year period."

The plaintiff maintains that this charge was incorrect because compliance with § 45–24.3–7(4) of the occupancy code, which provides that every dwelling unit above the first floor shall have approved dual means of egress and that every dwelling unit in a multiple dwelling shall have "immediate access to two (2) or more approved means of egress, *one of* which will have a minimum head room of six feet (6'), six inches (6"), leading to safe and open space at ground level." (Emphasis added). The plaintiff asserts that the application of this statute is mandatory by virtue of § 45–24.3–4, which states:

"(a) Every portion of a building or its premises used or intended to be used for the purpose of dwelling * * * or occupancy, shall comply with the provisions of this chapter and with the rules and regulations adopted pursuant thereto irrespective of when the building shall have been constructed, altered or repaired.

"(b) Matters governed by and conforming to the provisions of the State Building Code (§ 23–27.3–100.0 et al) shall prevail for all structures, dwellings, and dwelling units constructed, altered, or repaired since July 1, 1977."

The defendants assert that § 23–27.3–105.1 specifically exempts their structure from the requirements of the State's Building Code (building code) and as a result, they have been "grandfathered" and are not obligated to comply with the six-six height requirement.

We do not dispute the fact that defendants' building was constructed prior to 1977 and therefore is exempt pursuant to § 23–27.3–105.1 from the requirements of the building code. This exemption, however, has no applicability to the requirements of the occupancy code. Thus it was incumbent upon the trial justice to resolve this apparent conflict of law prior to her charge to the jury and to leave for the jury's determination any remaining factual issues, including the number of staircases and how many of them, if any, complied with the occupancy code. Clearly, the trial justice failed to give any charge with respect to the mandatory application of the occupancy code to defendants' structure, as provided in § 45–24.3–4, or its minimum height requirements, as contained in § 45–24.3–7(4). Therefore we hold that this charge was incorrect and that this error mandates a new trial.

Furthermore the trial justice failed to advise the jury regarding the appropriate use of evidence concerning a violation of a statute in negligence actions and the probative value of such evidence. This Court has held that the violation of a statute or ordinance, where it is shown to be the proximate cause of the plaintiff's injury, may be considered by the jury as prima facie evidence of negligence. *See Brodeur v. Desrosiers,* 505 A.2d 418, 422 (R.I.1986).

For the reasons stated we sustain the plaintiff's appeal, vacate the judgment appealed from, and remand the case to Superior Court for a new trial.

BOURCIER, J., did not participate.